**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-2127

_____

CARL A. BLYDEN,
                    Appellant

v.

VIRGIN ISLANDS GOVERNMENT
_____

APPEAL FROM THE DISTRICT COURT OF THE VIRGIN ISLANDS
(D.C. Civ. Action No. 3-19-cv-00033)
District Judge: Honorable Robert A. Molloy
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
December 6, 2022
_____

Before: CHAGARES, Chief Judge, GREENAWAY, JR., and FISHER, *Circuit Judges*.

(Opinion Filed: December 19, 2022)
_____

OPINION[*]
_____

**GREENAWAY, JR**., *Circuit Judge*.

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Carl Blyden appeals from the District Court's dismissal of his complaint. Since the District Court correctly concluded it lacked jurisdiction, we will affirm.

On May 9, 2019, Blyden filed a complaint against the Government of the Virgin Islands seeking compensation for the wrongful death of Edwin Dale Blyden, his 14-year-old brother, in 1970. The complaint alleges that, while off duty, a police officer, Alberto M. Donastorg, shot Edwin Dale Blyden in the head, killing him. According to the complaint, "[t]he family of Edwin Dale Blyden is seeking (10) ten million dollars for the wrongful taking of Edwin Dale Blyden['s] life, mental and emotional pain, anguish that they have suffered throughout the years." Compl. at 3.

The Government of the Virgin Islands moved to dismiss the complaint, pursuant to Federal Rule of Civil Procedure 12(b)(1), based on a lack of jurisdiction, and pursuant to Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim. Blyden, proceeding pro se, did not file a response to the motion to dismiss.

The District Court granted the motion to dismiss, concluding both that it lacked subject matter jurisdiction and that Blyden had failed to state a claim. As to the lack of subject matter jurisdiction, the District Court found that the complaint failed to allege a federal question and that diversity jurisdiction did not exist. With regard to the failure to state a claim, the District Court concluded that the two-year statute of limitations for tort claims barred the wrongful death claim and that the complaint failed to allege sufficient

2

facts to support a claim of infliction of emotional distress.[1]

Blyden filed a timely notice of appeal. In his brief, he does not raise any challenge to the jurisdictional ruling. Instead, he notes his compliance with the District Court's direction to properly serve the Government of the Virgin Islands; attempts to add the Department of Justice as a defendant; and repeats his allegations against Donastorg.

Although the District Court lacked jurisdiction over this case, we have jurisdiction pursuant to 28 U.S.C. § 1291. *CNA v. United States*, 535 F.3d 132, 139 (3d Cir. 2008). "We exercise plenary review over legal conclusions[, and] review the District Court's findings of fact for clear error." *Id.* (internal citation omitted).

"A Rule 12(b)(1) motion may be treated as either a facial or factual challenge to the court's subject matter jurisdiction." *Gould Elecs., Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000). When evaluating a facial attack, we "must only consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff." *Id.* By contrast, "[i]n reviewing a factual attack, [we] may consider evidence outside the pleadings." *Id.* Here, like the District Court, we

---

[1] While the District Court addressed the Rule 12(b)(6) motion first, we note that resolving the question of subject matter jurisdiction should have occurred before turning to the substance of the case. *Petruska v. Gannon Univ.*, 462 F.3d. 294, 302 (3d Cir. 2006) ("At issue in a Rule 12(b)(1) motion is the court's 'very power to hear the case.'" (quoting *Mortensen v. First Fed. Sav. & Loan*, 549 F.2d 884, 891 (3d Cir. 1977))); *Larsen v. Senate of Pennsylvania*, 152 F.3d 240, 245 (3d Cir. 1998) ("[A] court that is without proper jurisdiction cannot proceed at all, and must merely note the jurisdictional defect and dismiss the suit."). Thus, we may not opine any further regarding the District Court's Rule 12(b)(6) ruling. Our analysis addresses only the jurisdictional decision made pursuant to Rule 12(b)(1).

treat the motion as a facial challenge and look only at the complaint.

In implementing the provisions of Article III, section 2, of the Constitution, Congress has articulated several bases for jurisdiction in the federal courts, including, as potentially relevant here, the existence of a federal question, 28 U.S.C. § 1331; diversity of citizenship, 28 U.S.C. § 1332; and the United States as a defendant, 28 U.S.C. § 1346.[2] None of those statutes provide a basis for jurisdiction.

First, the complaint only states two causes of action – wrongful death and infliction of emotional distress – both of which are state tort claims. Second, the complaint is brought by a citizen of the Virgin Islands against the government of the Virgin Islands, so diversity of citizenship is lacking.[3] Third, the complaint only names the Government of the Virgin Islands as a defendant. Therefore, the United States is not a party.

Concluding that the District Court correctly found it lacked subject matter jurisdiction, we will affirm the order granting the motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1).

---

[2] We see no reason to enumerate and discuss other bases for jurisdiction, since the present case does not even remotely hint at other grounds for jurisdiction.

[3] We note that, although the complaint itself fails to allege the citizenship of the parties, Blyden checked off the boxes indicating that the plaintiff and defendant are each a "[c]itizen of [t]his [s]tate." DDE 1-2 at 1.

4